UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON J. SPIKES,           * | | CIVIL ACTION |
|     PETITIONER        * | | |
|                                  * | | NO. 22-cv-0915 |
| VERSUS                       * | | |
|                                  * | | SECTION "I" (3) |
| JOHNNY D. CRAIN, JR. ET AL.  * | | |
|     RESPONDENTS      * | | |

**RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF**

MAY IT PLEASE THE COURT:

Jason J. Spikes has filed a habeas corpus petition under 28 U.S.C. § 2241. But he has not named his custodian as the respondent, and he does not seek release from custody. Instead, he has sued the Washington Parish Clerk of Court, and his complaint concerns "withholding of public records" (Rec. Doc. 1, pg. 2).

The instant petition is a near-verbatim reproduction of the petition filed in Civ. A. 22-cv-589. *See* Rec. Doc. 8-1, pp. 2-3. This Court dismissed the petitioner in Civ. A. 22-cv-589 with prejudice. Exhibit 1. The respondent submits that the Court should dismiss the instant petition with prejudice for the same reasons that the Court dismissed Civ. A. 22-cv-589 with prejudice.

## LAW AND ARGUMENT

In discussing the claims raised in Civ. A. 22-cv-589, this Court explained:

> An individual in state custody is entitled to § 2241 relief in only two situations: (1) he is being held in pretrial detention in violation of the federal constitution or (2) he is a convicted prisoner whose sentence is being executed improperly. Petitioner does not fall within either of those categories: he is not a pretrial detainee and, although he is a convicted inmate, he is not challenging the manner in which his sentence is being executed. Therefore, §2241 is simply inapplicable here.

Exhibit 1, pp. 3-4.

The Court continued, explaining that "because petitioner is proceeding *pro se*, this Court has the discretion to construe his applications as seeking relief pursuant to another provision of federal law pursuant to which relief could be available. But, here, there are none." Exhibit 1, pg. 4.

The Court proceeded to explain that:

- The petition (Civ. A. 22-cv-589) concerned a "dispute with the Louisiana Twenty-Second Judicial District Clerk of Court with respect to failure to provide documents," and that dispute "in no way challenges the constitutionality of petitioner's custody," therefore it "fail[ed] to present a proper habeas claim at all." Exhibit 1, pg. 5.

- The petition could not be construed as a request for mandamus relief because "[t]he federal mandamus statute, 28 U.S.C. 1361, applies only to federal officers, employees, and agencies — and, so, it would not allow this Court to grant a writ of mandamus directed to the non-federal officials named in the petition, i.e. the Louisiana Twenty-Second Judicial District Clerk of Court and a deputy clerk." Exhibit 1, pg. 5.

- The petition could not be construed as an action under 42 U.S.C. § 1983 because "his claims concerning his public records disputes simply are not cognizable under 42 U.S.C. § 1983 because they do not implicate any federal constitutional or statutory rights." Exhibit 1, pg. 6.

- In any event, the petitioner is not entitled to *in forma pauperis* status

under the Prison Litigation Reform Act because (1) the petitioner has a history of frivolous litigation, (2) the petitioner has not paid the filing fees, and (3) "his pauper applications (in which he states that he has no assets whatsoever) indicate that he could not do so." Exhibit 1, pp. 5-6.

Ultimately, the Court dismissed the petitioner's claim in Civ. A. 22-cv-589 with prejudice because the petitioner sought relief not available via 28 U.S.C. § 2241 and because it would be futile to construe the petition as seeking relief under any other provision of federal law. Exhibit 1, pg. 7.

The Court's analysis of the petition filed under Civ. A. 22-cv-589 is fully applicable to the instant petition, filed under Civ. A. 22-cv-915.

Specifically, (1) the petitioner still is not a pretrial detainee and he still does not challenge the manner in which his sentence is being executed; (2) the meaning of the federal mandamus act has not changed; (3) the meaning of 42 U.S.C. § 1983 has not changed; and (4) the PLRA's restrictions on inmates who abuse the court's process remain in place.

## CONCLUSION AND PRAYER

The respondent submits that the instant petition should be dismissed with prejudice for the same reasons that the Court dismissed the petition filed under Civ. A. 22-cv-589.

    Respectfully Submitted,

    /s/ Matthew Caplan
    Matthew Caplan, #31650
    Assistant District Attorney
    22nd Judicial District
    701 N. Columbia Street
    Covington, LA 70433

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a copy, postage pre-paid, to:

>Jason J. Spikes, DOC # 537025
>Rayburn Correctional Center
>3751 Lauderdale Woodyard Rd
>27268 Highway 21 N.
>*Petitioner, pro se.*

This <u>24th</u> day of <u>August</u>, 20<u>22</u>, Covington, Louisiana.

>/s/ Matthew Caplan
>Matthew Caplan
>La. Bar No. 31650
>Assistant District Attorney
>22nd Judicial District
>701 N. Columbia Street
>Covington, LA 70433